WILLIAM S. HUNGERFORD, *Complainant*,

*vs.*

CALEB CUSHING ET AL., *Defendants.*

APPEAL IN EQUITY FROM DANE CIRCUIT COURT.

Property which is the subject of a suit in chancery should be so kept, while the suit is pending, that whoever may finally establish his right to the same, shall receive the accruing rents, and the property itself, without waste or spoliation.

This was an appeal from an order of the Circuit Court of Dane county, denying a motion made by the defendants to have the property in controversy consisting of mills, and other real estate, machinery, tools, implements, &c., restored to Cushing. At the commencement of the suit, the defendant Cushing was in possession under and by virtue of a trust deed, executed by the complainant and others to him. An injunction was allowed, and a receiver appointed, who took possession of the property. Afterwards the cause was removed from the county of Crawford, where it was originally commenced, to the county of Green. By an order of the Circuit Court of Green county, the property was restored to the defendant Cushing, upon his compliance with certain conditions. Afterwards the cause was removed to the Circuit Court of Dane county, where a final decree passed in favor of the complainant, under and by virtue of which the complainant obtained possession. From this latter decree the defendants appealed to the Supreme Court, where the decree of the Circuit Court was reversed, and the cause remanded, with a recom-

DEC. TERM
1853.

Hunger-
ford
vs.
Cushing
et al.
mendation that the complainant be continued in possession until good cause be shown to the contrary.

At the October term, 1853, the defendant Cushing moved, in the Circuit Court of Dane county, to have the property restored to him. This motion was sustained by numerous affidavits, showing the complainant to be insolvent, and some of them tending to impeach his character for integrity. The Circuit Court denied the motion, and the defendant appealed.

Mr. Justice Crawford did not sit. Mr. Justice Smith sat *pro forma* merely, and did not participate in the decision.

*A. McArthur* and *F. K. Bartlett*, for the appellants.

*J. H. Knowlton* and *A. L. Collins*, for the apellees.

By the Court, WHITON, C. J. This is an appeal from an order of the Circuit Court for Dane county, denying a motion made by the defendant Cushing to have the mills and other property, which are the subject of controversy in this suit, re-delivered to him ; or for such other order as should be proper in the premises. It appears that when the bill in this case was filed by the complainant, the defendant Cushing was in possession of the property, and that an order was made by the judge of the Circuit Court for the county of Crawford, where the suit was pending, appointing a receiver to take charge of it. Subsequently, after the cause had been removed to Green county; an order was made by the Circuit Court for that county, that the injunction which had been allowed should be modified, so as to let Cushing into the pos-

session, he giving bond in the sum of seven thousand five hundred dollars, conditioned that he would not commit any waste, and that he would pay over all rents and profits by him received, if ordered so to do, and that he would abide the final order which the court should make therein ; which bond was executed and approved, and Cushing entered into possession of the premises. Afterwards, (the cause in the mean time having been removed to Dane county,) a final decree was made in the case, by which, among other things, the property was decreed to the complainant. This decree was brought to the Supreme Court by appeal and reversed. Before the appeal was taken, and while the decree was in force, the complainant, by virtue of it, obtained possession of the property, and the Supreme Court recommended that the complainant should remain in possession until the Circuit Court should otherwise order, upon good cause shown that t' e said complainant ought no longer to retain such possession. I do not think that the recommendation of the Supreme Court had the effect of an order continuing the complainant in possession ; it was the mere expression of a desire or wish to the Circuit Court, to which the case was remanded, to have the complainant continued in possession by that court until good cause was shown to the contrary ; and of this cause the Circuit Court was to judge in the first instance.

It appears, that after the cause was remanded to the Circuit Court, that court made an order *ex parte,* without notice to the defendant, that the complainant should remain in possession of the property until the further order of the court, and he has continued in possession until the present time.

This order was irregular for two reasons. One is,

Hunger-<br>ford<br>*vs.*<br>Cushing<br>et al.

Dec. Term 1858.

Hunger-
ford
vs.
Cushing
et al.
that it is repugnant to the order made by the Circuit Court for Green county, which was not vacated or reversed, but in full force; the other is, that it was *ex parte*, and without notice to the defendants, who should have had an opportunity to show, if they could, that good cause existed why the complainant should not remain in possession. *Rule 4 of the Circuit Court Rules in Equity.*

It is apparent that Cushing was entitled to the possession, by force of the order made by the Circuit Court for Green county, upon the reversal of the final decree by the Supreme Court, as it had never been reversed, but was in full force, and that the making of an order continuing the complainant in possession without vacating the previous one, which gave the possession to Cushing, was irregular.

But admitting that it was a valid order; still the court should not have denied the motion made in this case. The motion was for an order restoring the possession to Cushing, or for such order as should be proper in the premises, and the affidavits filed in support of the motion, show, that the complainant is entirely insolvent and irresponsible; no attempt was made to rebut them at the hearing, and they clearly show that it is entirely unsafe to all the other persons who claim interests in the property in controversy, that he should retain the possession. He has given no security, and the defendants have nothing to rely upon, either for the use of the property while it is in the possession of the complainant, or for compensation for any waste which may be committed or suffered. The property should be kept while the suit is pending, so that whoever shall finally establish a right

to it, shall receive the accruing rents, and the proper-ty itself, without waste or spoliation.

DEC. TERM
1853.

Hunger-
ford
vs.
Cushing
et al.

Even if the recommendation of the Supreme Court could be construed to have the effect of an order, that the property should remain in the possession of the complainant until good cause should be shown, that he ought no longer to retain the possession, the affidavits do show such cause ; and this order, even in that view of the case, is erroneous. The order of the Circuit Court is reversed.